# DUNCAN, *Appellant,*
## *v.*
# DUBIN, *Respondent.*

556 P2d 105

*Douglas S. Green,* Portland, argued the cause for appellant. On the brief were Gerald C. Doblie, and Bailey, Doblie & Bruun, Portland.

*Samuel G. Wilson,* of Thwing, Atherly & Butler, Eugene, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and McAllister, O'Connell, and Sloper, Justices.

SLOPER, J., Pro Tempore.

**SLOPER, J.,** Pro Tempore.

This is an action to recover damages for personal injuries and property damage sustained by the plaintiff in an automobile accident. Plaintiff appeals from the trial court's orders granting defendant's motions to quash and set aside service of summons on the defendant and for partial summary judgment against plaintiff on the ground that plaintiff's action for personal injuries is barred by the applicable statute of limitations. The plaintiff also appeals from the trial court's denial of her motion for a partial summary judgment based on the contention that the statute of limitations had been "tolled" by an advance payment to plaintiff made by defendant's insurance company for property damage to plaintiff's automobile. We will first consider the plaintiff's contention that the trial court erred in granting defendant's motion for partial summary judgment and in denying plaintiff's motion for the same relief. The trial court's orders were predicated upon the belief that the statute of limitations had run against the plaintiff.

On February 17, 1975, the plaintiff filed her complaint alleging that she was injured and her vehicle damaged by the negligence of the defendant on May 23, 1973. After the complaint was filed, the Lane County Sheriff attempted service of summons upon defendant at a local address given by defendant at the time of the accident. The sheriff was unable to effect service and was advised that the defendant was unknown at that address for the past year. Defendant's forwarding address in Newport Beach, California, was obtained from the United States Postal Service. Complaint and summons were then mailed to the Orange County, California, sheriff with instructions to personally serve the defendant. Service was again not obtained because the defendant was living and going to school in the state of Washington. Plaintiff then obtained from the court an order allowing service by publication under ORS 15.120, and publication of notice in a local Eugene newspaper was accomplished

in accordance with the provisions of that statute. A copy of the complaint and summons was mailed to the defendant at the California address according to the provisions of ORS 15.140. The complaint and summons were received at that address as indicated by a certified mail receipt signed by an individual bearing the same surname as the defendant. On May 30, 1975, plaintiff served copies of complaint and summons upon the administrator of the Motor Vehicles Division of the State of Oregon.

The record shows that five months after the automobile accident a payment of $306.75 was made to an automobile repair shop for repairs to plaintiff's automobile by the defendant's insurer. This payment was described by the insurer as an advance payment for damage to personal property claimed by the plaintiff as a result of the accident. Written notice of the date of expiration of the period of limitation for the commencement of an action for damage to property or for personal injury was not given to the plaintiff at any time. Plaintiff was examined by several doctors with respect to injuries she sustained in the accident between the time of the accident and October, 1974. During this period of time she was contacted several times by defendant's insurer to discuss her injuries. In October, 1974, plaintiff retained counsel to represent her in an action for damages arising from the accident.

Plaintiff completed her attempt at service of summons by publication on May 8, 1975, and finally served the administrator of the Motor Vehicles Division pursuant to ORS 15.190(2) on May 30, 1975. Thus, if substituted service upon the director of the Department of Motor Vehicles is required, that service was not effected until seven days after the two-year statute of limitations for personal injury had expired. ORS 12.110(1).

Plaintiff relies on the statutory provisions of ORS 41.950 *et seq.* authorizing advance payment and on ORS 12.155 which suspends the limitation period

[ 634 ]

when an advance payment is made without written notice of the expiration date of the applicable statute of limitation. ORS 41.950 *et seq.* provides:

"As used in ORS 12.155, 18.510, 41.950 to 41.980, 'advance payment' means compensation for the injury or death of a person or the injury or destruction of property prior to the determination of legal liability therefor."

## ORS 41.960:

"(1) Advance payment made for damages arising from the death or injury of a person is not an admission of liability for the death or injury by the person making the payment unless the parties to the payment agree to the contrary in writing.

"(2) For the purpose of subsection (1) of this section, advance payment is made when payment is made with or to:

"(a) The injured person;

"(b) A person acting on behalf of the injured person with the consent of the injured person; or

"(c) Any other person entitled to recover damages on account of the injury or death of the injured or deceased person."

## ORS 41.970:

"Any advance payment made for damages arising from injury or destruction of property is not an admission of liability for the injury or destruction by the person making the payment unless the parties to the payment agree to the contrary in writing."

## ORS 12.155 provides:

"(1) If the person who makes an advance payment referred to in ORS 41.960 or 41.970 gives to each person entitled to recover damages for the death, injury or destruction, not later than 30 days after the date the first of such advance payments was made, written notice of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. The notice required by this subsection shall be in such form as the Insurance Commissioner prescribes.

"(2) If the notice required by subsection (1) of this

section is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations is not part of the period limited for commencement of the action by the statute of limitations."

Plaintiff contends that ORS 12.155(2) operates to suspend the statute of limitations applicable to a personal injury action where, as here, advance payment for property damage is made without giving the statutory notice of the expiration date for a personal injury claim arising out of the same accident. To the contrary, defendant argues that an advance payment for property damage without any notice of any statute of limitation suspends only the statute of limitation applicable to an action for property damage.

■ We believe that the statute is reasonably susceptible to either interpretation. When such an ambiguity exists it is necessary for us to use whatever aids to construction are available to ascertain the intention of the legislature and to then construe the statute so that the legislative object can be achieved. *See Johnson v. Star Machinery Co.,* 270 Or 694, 530 P2d 53 (1974); *Curly's Dairy v. Dept. of Agriculture,* 244 Or 15, 415 P2d 740 (1966); *Berry Transport, Inc. v. Heltzel,* 202 Or 161, 272 P2d 965 (1954). *See also* ORS 174.020.

■ A review of the legislative history and an examination of the language of ORS 12.155 and 41.950 reveals that the legislation had a two-fold purpose. One was to allow an insurer to make advance payments without admitting liability for a claim and to encourage such payments by eliminating any apprehension on the part of the insurer that evidence of advance payments could be admissible in court to prove liability. The other objective, which is clearly discernible, was to protect an injured party from being misled into believing that a limitation period upon his claim is no longer applicable because the insurer has, in effect, acknowledged that its insured is liable for the claim. *See*

[ 636 ]

Hearings on House Bill 1299 before the Subcommittee on Financial Affairs of the House State and Federal Affairs Committee, February 24, 1971. Insurance Commissioner Bateson testified before the Senate Judiciary Committee on May 10, 1971, as follows:

> "Section 5 deals with a problem inherent in a complicated and extensive personal injury case where the insurance company makes advance disability payments. In that situation it would be entirely possible for the statute to run and then the company could say, 'That's too bad; you didn't file suit and the statute of limitations has expired.' House Bill 1299 therefore required that within 30 days after advance payment is made, there must be a notification to the payee that the statute may be running and the making of the advance payment does not suspend it. If there is no such notice, the statute is tolled between the time of the first payment and the time the first notice is actually given."

The final bill passed by the legislature and codified ORS 12.155 provides that an advance payment for personal injury, death, or property damages tolls the applicable statute of limitation when written notice of the expiration date of the statute is not given by the insurer within 30 days after the payment is made. Thus, it is clear that the legislature intended to protect a person from being "lulled" into falsely believing there is no limitation on when he can commence an action for property damage or that a limitation period is no longer a factor because an advance payment for property damage has been made. However, whether the legislature intended that an advance payment for property damage operates to suspend the statute of limitations applicable to an action for personal injury under the circumstances presented in this case cannot be ascertained with certainty from the legislative history of ORS 12.155 or 41.950 or from any additional aids in statutory construction.

It is very likely that the legislature did not anticipate the problem presented in this case. We are of the opinion that the legislative objective of protecting injured parties who receive advance payments from

[ 637 ]

being misled into not timely pressing a claim until the statute of limitations period has expired equally applies to an injured party receiving an advance payment for property damage while a claim for personal injury is pending against the same party as a result of the same accident. Had the legislature anticipated this problem, we believe it would have required that notice of both periods of limitation be given under the circumstances here presented. A contrary holding would be at odds with the legislative intent that advance payment not mislead an injured party into believing that he need not diligently press his claim.

■ We hold, then, in the narrow confines of this case, where the defendant's insurer made an advance payment on plaintiff's property damage claim and engaged in settlement negotiations with the plaintiff, on her personal injury claim, for an extended period of time, that the making of an advance payment referred to in ORS 41.950 without proper or any notice of the expiration date of any period of limitation applicable to any claim for damages demanded of the person making the advance payment suspends the statute of limitations for any such claim under ORS 12.155. Since the plaintiff in this case did not receive written notice of the expiration date of the period of limitation applicable to an action for either personal injury or property damage, the statute of limitations was suspended and thus does not bar plaintiff's action.

Having resolved this issue in the plaintiff's favor, it is unnecessary for us to decide in this case the question presented concerning the necessity of substituted service on the Director of the Department of Motor Vehicles pursuant to ORS 15.120, 15.190(2) and 15.080(6).

The trial court was in error in granting defendant's motion for a partial summary judgment and in denying plaintiff's motion for a partial summary judgment.

Reversed and remanded.