Argued and submitted October 4, the decision of the Court of Appeals and judgment of the circuit court reversed and remanded to the circuit court November 16, 1988

# DOTSON,
*Petitioner on Review,*

*v.*

# SMITH,
*Defendant,*
*and*

# KROUGH,
*Respondent on Review.*

## (CC 16 85-07097; CA A43518; SC S35355)

764 P2d 540

Patrick N. Rothwell, of Hallmark, Keating & Abbott, P.C., Portland, argued the cause and filed the petition for petitioner on review.

David B. Gray, of Thorpe & Swensen, Portland, argued the cause for respondent on review. On the response to the petition was Thomas K. Thorpe, Portland.

Before Peterson, Chief Justice, and Linde, Campbell, Carson, Jones and Gillette, Justices.

JONES, J.

## JONES, J.

This case involves two issues. The first issue is whether allegations made by plaintiff in a claim against one party defendant may be used to support an ORCP 21A(9) motion to dismiss plaintiff's separate claim against another party defendant. We hold that the allegations in one claim may not be used to defeat allegations in a separate claim.

The second issue is whether the applicable statute of limitations is tolled pursuant to ORS 12.155 when a tortfeasor's insurance company, after making an advance payment to a claimant, fails to give the claimant the required notice of the expiration date of the limitation period, but the claimant is represented by counsel and in fact files suit against the insurance company's insured within the applicable limitation period. We hold that the statute is not tolled.

The circuit court granted defendant Krough's motion to dismiss plaintiff's personal injury claim against her on the ground that the statute of limitations period for filing the claim had expired. Relying on allegations in the claim against co-defendant Smith as the basis for its decision, the Court of Appeals affirmed. *Dotson v. Smith,* 91 Or App 400, 755 P2d 728 (1988). We reverse the decision of the Court of Appeals and remand to the circuit court for further proceedings consistent with this opinion.

## I. FACTS

We take the undisputed facts from the pleadings. On August 19, 1981, plaintiff was injured in an automobile accident. Plaintiff hired defendant Smith to represent her in a negligence action against defendant Krough to recover damages for the injuries she incurred in the accident. Smith filed plaintiff's action against Krough on August 17, 1983, within the two-year limitation period provided in ORS 12.110(1).[1] On May 30, 1984, the circuit court granted Smith's motion for a continuance on the conditions that a certificate of readiness be filed and that discovery be completed by September 1, 1984. On September 5, 1984, the circuit court, on its

---

[1] ORS 12.110(1) provides:

"An action for * * * any injury to the person * * * shall be commenced within two years * * *."

own motion, entered an order dismissing the case for failure to file a certificate of readiness.

On August 22, 1985, plaintiff filed a legal malpractice claim against Smith alleging that Smith's negligence in failing to file a certificate of readiness resulted in a dismissal of plaintiff's original negligence action against Krough, and as a consequence plaintiff has lost her cause of action against Krough. Plaintiff filed an amended complaint on November 26, 1985, realleging the claim against Smith, adding Krough as a defendant and alleging an alternative negligence claim against Krough for injuries sustained in the August 19, 1981, accident. This claim asserts that Krough negligently caused the collision and that the limitation period was tolled pursuant to ORS 12.155[2] because Krough's insurance company had made an advance payment to plaintiff but had failed to give plaintiff written notice of the expiration date of the limitation period.[3] The negligence claim against Krough contains no allegations relating to the alternative malpractice claim against Smith.

Krough moved for dismissal pursuant to ORCP

---

[2] ORS 12.155 provides:

"(1) If the person who makes an advance payment referred to in ORS 18.520 or 18.530 gives to each person entitled to recover damages for the death, injury or destruction, not later than 30 days after the date the first of such advance payments was made, written notice of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. The notice required by this subsection shall be in such form as the Director of the Department of Insurance and Finance prescribes.

"(2) If the notice required by subsection (1) of this section is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of the expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations is not part of the period limited for commencement of the actions by the statute of limitations."

"Advance payment" is defined in ORS 18.500:

"As used in ORS 12.155 and 18.530, 'advance payment' means compensation for the injury or death of a person or the injury or destruction of property prior to the determination of legal liability therefor."

[3] Plaintiff's amended complaint against Krough states:

"Defendant Krough's insurance company, the North-West Insurance Company, paid plaintiff $473.55 for property damage. The insurance company failed to give plaintiff written notice of the expiration of the statute of limitations. The statute of limitations had tolled pursuant to ORS 12.155."

21A(9),[4] asserting that the statute of limitations had run. The circuit court dismissed plaintiff's claim against Krough, the insurance company's insured, pursuant to ORCP 21A(9). Plaintiff appeals the trial court's action granting Krough's motion for dismissal.

## II. IMPORTING ALLEGATIONS FROM ALTERNATIVE CLAIMS IN A RULE 21A(9) MOTION TO DISMISS

We first address the issue whether plaintiff's allegation against Smith in one claim can defeat the separate claim against Krough in an ORCP 21A(9) motion to dismiss. ORCP 28 enables the joinder of parties to dispose of a whole controversy at one time and in one action, providing the rule's prerequisites are met. ORCP 28 allows a plaintiff to join multiple defendants in one cause of action and to assert alternative claims against them.[5] The claims against Smith and Krough are clearly alternative, because plaintiff cannot recover from both Krough and Smith. If plaintiff has lost her claim against Krough due to Smith's negligence, plaintiff has only a malpractice claim against Smith; likewise, if plaintiff has not lost her claim against Krough due to Smith's negligence, plaintiff has only a negligence claim against Krough.

■ The claims against Smith and Krough are inconsistent, because in the count against Krough plaintiff asserts a negligence claim against Krough, but in the count against Smith plaintiff alleges that she has lost her cause of action against Krough. No one disputes that ORCP 16C allows inconsistent claims. *See, e.g., Davis v. Tyee Industries, Inc.,*

---

[4] ORCP 21A provides in relevant part:

"Every defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto, except the following defenses may at the option of the pleader be made by motion to dismiss:

"* * * * *

"(9) that the pleading shows that the action has not been commenced within the time limited by the statute."

[5] ORCP 28 provides in relevant part:

"* * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. * * *"

295 Or 467, 479 n 9, 668 P2d 1186 (1983); *Roberts v. Mitchell Bros.*, 289 Or 119, 127 n 3, 611 P2d 297 (1980). ORCP 28 and 16C read together allow a plaintiff to assert alternative inconsistent claims against multiple defendants.

ORCP 1B states that the Oregon Rules of Civil Procedure "shall be construed to secure the just, speedy and inexpensive determination of every action." The provision of ORCP 28 which allows alternative claims against multiple defendants supports these objectives by promoting trial convenience and expediting the final determination of disputes, thereby preventing multiple lawsuits. The Court of Appeals imputed the allegations from the malpractice claim against Smith to defeat the alternative personal injury claim against Krough. Plaintiff argues that the Court of Appeals decision encourages plaintiffs to file separate lawsuits so that allegations in a claim against one defendant are not considered in deciding motions by another defendant relating to an alternative claim and, therefore, that the Court of Appeals decision frustrates the intended effects of ORCP 28 and the purposes of ORCP 1B.

We agree with plaintiff's position and hold that, for the purposes of an ORCP 21A(9) motion to dismiss, each claim in a pleading stands alone and must be tested separately.[6] Otherwise, the purpose of the rules — to avoid unnecessary loss of time and money to the courts and the parties — would be defeated. Filing of separate lawsuits to accomplish that which can be resolved in one action should be avoided. Here, if the Court of Appeals' reasoning were upheld, plaintiffs with inconsistent claims against separate parties simply would be encouraged to file separate lawsuits. The allegations

---

[6] The language of ORCP 21A is unclear as to whether allegations may be pulled from one claim to defeat another claim; however, the following reasoning from the Court of Appeals dissent is sound:

"ORCP 21A permits certain defenses to be made by motion to dismiss. It begins by prescribing how a pleader is to assert a 'defense, in law or fact, *to a claim for relief.*' (Emphasis supplied.) That wording suggests that each 'claim for relief' must be considered to be separate for the purpose of analysis under the rule. Further, the court may consider facts that 'do not appear on the face of the pleading and matters outside the pleading' only on motions asserting defenses (1) through (7). Here, the motion asserts defense (9). Read as a whole, ORCP 21A means that each 'claim for relief' is, in effect, a separate 'pleading' when considering a motion under ORCP 21A(9)." *Dotson v. Smith,* 91 Or App 400, 406 755 P2d 728 (1988) (Van Hoomissen, J., dissenting).

in one complaint do not necessarily constitute judicial admissions as to the other. The inconsistent allegations may be used for evidentiary purposes, *e.g.*, as an extra-judicial admission, *see Kraxberger v. Rogers,* 231 Or 440, 451, 373 P2d 647 (1962); *Enquip, Inc. v. Smith-McDonald Corp.,* 655 F2d 115, 118 (7th Cir 1981), but not to sustain an ORCP 21A(9) motion to dismiss. Accordingly, in the instant case, the circuit court erred by importing allegations in plaintiff's claim against Smith to the claim against Krough in considering Krough's ORCP 21A(9) motion to dismiss.

### III. THE NOTICE AND TOLLING PROVISIONS OF ORS 12.155

We now turn to the issue whether Krough's insurance company's failure to give plaintiff written notice of the expiration date of the applicable limitation period, following the insurer's payment of plaintiff's property damage, tolled the statute of limitations pursuant to ORS 12.155 even though plaintiff was represented by counsel and initially filed suit within the applicable limitation period. As mentioned, the claim was dismissed for failure to file a certificate of readiness, not because the statute of limitations had run.

ORS 12.155 provides that if anyone who makes an advance payment for death, personal injury or property damage does not, within 30 days after the advance payment, give written notice to the claimant of the date of the running of the applicable statute of limitations, the limitation period is tolled. Krough admits, in her ORCP 21 motion against plaintiff's amended complaint, that her insurance company made an advance payment for property damage and that in doing so it failed to give plaintiff the written notice required by ORS 12.155(1). However, Krough asserts that the notice and tolling provisions of ORS 12.155 do not apply because plaintiff was represented by counsel and initially filed suit within the limitation period.

In *Duncan v. Dubin,* 276 Or 631, 637, 556 P2d 105 (1976), this court wrote that the legislative intent behind ORS 12.155 was "to protect a person from being 'lulled' into falsely believing there is no limitation on when he can commence an action." The plaintiff had retained an attorney in advance of

the running of the statute of limitations, but a serious question arose whether the action was timely filed and the defendant properly served within the limitation period. Under "the narrow confines of this case," *Duncan* held that the notice requirement of ORS 12.155 applied. *Id.* at 638.

■ But here the purpose of the statute was satisfied. As is apparent from the malpractice claim against the lawyer, no one failed to act by being lulled into a false belief that the statute would not run. Plaintiff's lawyer did act and filed plaintiff's claim within the statute of limitations. ORS 12.155 notice would be irrelevant, if not absurd. In other words, if plaintiff's argument is correct, a party who has been sued would be required to tell the plaintiff, "You have just sued me within the statute of limitations — now I advise you that you must sue me within the statute of limitations." ORS 12.155 was never intended to require people to engage in such a useless act.

■■ We cannot, however, dispose of this case so readily. Defendant in this case jumped the gun with a premature motion for dismissal on the pleadings, rather than attempting to dispose of the claim with a motion for summary judgment under ORCP 47B. The simplest act for defendant in this case would have been to attach the original complaint and proof of service of the claim against Krough as an exhibit in a motion for summary judgment. In review of an ORCP 21A(9) motion to dismiss on the pleadings, the trial court or an appellate court can examine only the pleadings in the separately stated claim.[7] Therefore we must remand this case to the trial court for further proceedings consistent with this opinion.

The decision of the Court of Appeals and the judgment of the circuit court are reversed, and the case is remanded to the circuit court.

---

[7] Although the Court of Appeals made a practical disposition of this case, it "could not get there from here" by in effect converting an ORCP 21A(9) motion on the pleadings into a motion for summary judgment.