Cassandra Lee PIPKIN,
*Appellant,*

*v.*

Johann Albert ZIMMER,
*Respondent,*

*and*

Steven R. BENNETT,
*Defendant.*

(16-90-00455; CA A68027)

833 P2d 1350

Lindsey H. Hughes, Portland, argued the cause for appellant. With her on the brief were Patrick N. Rothwell and Hallmark, Keating & Abbott, P.C., Portland, and Robert A. Miller, Eugene.

Joel S. DeVore, Eugene, argued the cause for respondent. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

**DURHAM, J.**

Plaintiff appeals from a summary judgment for Zimmer (defendant). ORCP 47B. The sole issue is whether the Statute of Limitations was tolled by ORS 12.155(2).[1] We consider the record in the light most favorable to plaintiff and reverse.

On January 13, 1986, plaintiff and defendant were involved in a car accident. On February 7, 1986, defendant's insurer, Colonial Insurance Company (Colonial), made a $10,000 advance payment to plaintiff for property damage. Colonial did not notify her of the date on which the Statute of Limitations would bar an action for damages. On December 24, 1987, plaintiff filed a complaint against defendant. She made substituted service through the Department of Motor Vehicles (DMV) on March 12, 1988.[2] On May 5, the court dismissed the action for want of prosecution.

On January 18, 1990, plaintiff filed this action for damages against her former attorney[3] and defendant. Defendant moved for summary judgment, arguing that the Statute of Limitations barred the action against him. The court agreed and dismissed the action. Plaintiff appeals.

Generally, a personal injury action must be commenced within two years after the date when the plaintiff discovered, or should have discovered, the existence of the

---

[1] ORS 12.155 provides:

"(1) If the person who makes an advance payment referred to in ORS 18.520 or 18.530 gives to each person entitled to recover damages for the death, injury or destruction, not later than 30 days after the date the first of such payments was made, written notice of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. * * *.

"(2) If the notice required by subsection (1) of this section is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for commencement of an action for damages set by the applicable statute of limitations is not part of the period limited for commencement of the action by the statute of limitations."

[2] Service was made through the Department of Motor Vehicles more than 60 days after plaintiff filed the complaint. Therefore, the action was not saved by ORS 12.020.

[3] Plaintiff's claim against her former attorney is not before us.

claim. ORS 12.110.[4] However, Colonial made an advance payment to plaintiff and failed to notify her within 30 days of the limitation period for commencing an action for damages. In that circumstance, the time between the date that Colonial made the payment and the date when notice was given is not included in the two-year limitation period. ORS 12.155; *Dotson v. Smith*, 307 Or 132, 138, 764 P2d 540 (1988). Plaintiff asserts that, because Colonial did not notify her, the period was tolled and the action was timely.

In *Duncan v. Dubin*, 276 Or 631, 556 P2d 105 (1976), the plaintiff was involved in an automobile accident. The defendant's insurer gave her an advance payment for property damage but did not notify her of the limitation period for an action for damages. She filed a complaint within two years after the accident. She attempted timely service by mail and publication. However, she made substituted service on DMV after the limitation period had expired and more than 60 days after filing the complaint. The court held that the action was not barred:

> "Since the plaintiff in this case did not receive written notice of the expiration date of the period of limitation applicable to an action for either personal injury or property damage, the statute of limitations was suspended and thus does not bar plaintiff's action." 276 Or at 638.

The court also held that it was unnecessary to address whether service on DMV was required. *Duncan v. Dubin, supra*, 276 Or at 638.

*Duncan* is almost identical factually to this case. However, the Supreme Court has since decided *Dotson v. Smith, supra*, on which defendant relies to argue that, because plaintiff's attorney filed a complaint within two years after the accident, the tolling protection provided by ORS 12.155 was satisfied. In *Dotson*, the plaintiff was injured and the defendant's insurer gave her an advance payment but no notice about the limitation period. She filed an action for

---

[4] ORS 12.110 provides:

"(1) An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

damages and served the defendant within two years after the accident. The trial court dismissed the case, however, because her attorney failed to file a certificate of readiness. She filed a second action. The Supreme Court held that she had commenced the original action within the two-year limitation period and that, therefore, it made no sense to toll the accrual of that period. The court distinguished *Duncan* solely on the basis that, in that case, "a serious question arose whether the action was timely filed and the defendant properly served within the limitation period." 307 Or at 139.

Here, plaintiff was injured in 1986. She filed an action in 1987 but failed to serve defendant within the two-year limitation period. ORS 12.020 provides:

"(1) Except as provided in subsection (2) of this section, for the purpose of determining whether an action has commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, *and the summons served on the defendant* * * *."[5] (Emphasis supplied.)

The 1987 action did not commence for the purposes of the Statute of Limitations until plaintiff had served defendant. As in *Duncan v. Dubin, supra,* and unlike in *Dotson v. Smith, supra,* there remained a serious question whether the first action was timely filed and the complaint was served on defendant. Pursuant to *Duncan,* we hold that the limitation period was tolled because Continental failed to notify plaintiff of it. Accordingly, this action was timely under ORS 12.110(1). The court erred when it granted summary judgment.

Reversed and remanded.

---

[5] In contrast, ORCP 3 provides:

"Other than for purposes of statutes of limitations, an action shall be commenced by filing a complaint with the clerk of the court."