Karen M. BAKER,
*Appellant,*

*v.*

James P. KENNEDY,
*Respondent.*

(90-2723-L-1; CA A68425)

838 P2d 634

Roger W. Ousey, Eugene, argued the cause for appellant. On the brief were Michael Strooband and Bischoff & Strooband, P.C., Eugene.

Larry B. Workman, Medford, argued the cause for respondent. With him on the brief was Frohnmayer, Deatherage, Pratt, Jamieson & Turner, P.C., Medford.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

Plaintiff appeals from a summary judgment for defendant. ORCP 47. The issue is whether the Statute of Limitations on plaintiff's personal injury claim was suspended when defendant's insurance company paid plaintiff's property damage without giving notice to plaintiff of the Statute of Limitations.[1] We reverse.

This action arises from an automobile accident that occurred on August 26, 1988. The applicable Statute of Limitations is two years. ORS 12.110(1). Plaintiff negotiated with defendant's insurer, Farmers Insurance Co. (Farmers), which paid plaintiff her property damage. Farmers did not provide plaintiff with any notice of the Statute of Limitations, as required by ORS 12.155(1). Plaintiff retained counsel on June 7, 1989. On June 20, 1990, plaintiff's attorney wrote Farmers and said, "The statute runs in August so I would like to discuss Farmer's [sic] position regarding damages soon." Plaintiff filed this action on August 15, 1990. However, defendant was not served with the summons and complaint until November 9, 1990. The trial judge granted defendant's motion for summary judgment on the ground that the action was not timely commenced.

■ An action is deemed to be commenced on the date that the complaint is filed, if the defendant is served within 60 days after that date. ORS 12.020(2). Defendant was not served until 86 days after the complaint was filed. ORCP 10A. Therefore, this action was commenced on November 9, 1990. ORS 12.020(1).

---

[1] ORS 12.155 provides:

"(1) If [a person makes an advance payment for property or personal injury damages, as referred to in ORS 18.520 or 18.530 and] gives to each person entitled to recover damages for the death, injury or destruction, not later than 30 days after the date the first of such advance payments were made, written notice of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. * * *

"(2) If the notice required by subsection (1) of this section is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statue of limitations is not part of the period limited for commencement of the action by the statue of limitations."

■     Defendant contends, and the trial court agreed, that the Statute of Limitations was not suspended, because plaintiff was represented by counsel who knew when the limitation period would expire. However, plaintiff was not represented by counsel when Farmers made the property damage payment to her. ORS 12.155 protects her "from being 'lulled' into falsely believing [that] there [was] no limitation" on when she could commence a personal injury action. *Duncan v. Dubin*, 276 Or 631, 637, 556 P2d 105 (1976). The fact that she subsequently retained counsel who demonstrated an awareness of the limitation does not negate the fact that it was suspended when Farmers made the advance payment without giving the required notice. ORS 12.155(2); *Duncan v. Dubin, supra*, 276 Or at 638; *Pipkin v. Zimmer*, 113 Or App 737, 740, 833 P2d 1350 (1992).

The record does not reveal precisely when Farmers paid plaintiff's property damage. However, it does indicate that it made that payment before she retained counsel on June 7, 1989. At a minimum, the limitation period was suspended from that date until her attorney sent the June 20, 1990, letter — a span of one year and 13 days. That extended the limitation period from August 26, 1990, to at least September 8, 1991. Plaintiff timely commenced this action on November 9, 1990.

Reversed and remanded.