Argued and submitted May 6, decision of the Court of Appeals affirmed; summary judgment of the circuit court reversed and case remanded to circuit court for further proceedings August 12, 1993

Karen M. BAKER,
*Respondent on Review,*

*v.*

James P. KENNEDY,
*Petitioner on Review.*

(CC 90-2723-L-1; CA A68425; SC S39737)

856 P2d 314

Larry B. Workman, of Frohnmayer, Deatherage, Pratt, Jamieson & Turner, P.C., Medford, filed the petition and argued the cause for petitioner on review.

Richard L. Grant, Eugene, argued the cause for respondent on review. Michael Strooband, of Bischoff & Strooband, P.C., Eugene, filed a response.

CARSON, C. J.

## CARSON, C. J.

The issue in this case is: If the liability insurer of a defendant in a civil action for personal injury and property damage makes an advance payment for property damage and does not provide written notice of the date on which the statute of limitations expires for commencement of a civil action for damages, is the applicable statute of limitations tolled? The trial court said "no." The Court of Appeals said "yes." *Baker v. Kennedy*, 115 Or App 360, 838 P2d 634 (1992). We now affirm the decision of the Court of Appeals and remand to the trial court.

Under ORS 12.155,[1] if a defendant's insurer makes an advance payment for damages, it must, within 30 days thereafter, give written notice to the injured party informing the injured party when the statute of limitations expires on the potential claim. If the insurer fails to do so, the statute of limitations is tolled as of the date the advance payment is made, until such a notice "is actually given." ORS 12.155(2).

In this case, plaintiff was injured on August 26, 1988. She received an advance payment for property damage from defendant's insurer at an uncertain date, but before she retained counsel. She hired a lawyer on June 7, 1989. In a letter dated June 29, 1990, requesting a settlement negotiation, plaintiff's lawyer acknowledged that the statute of limitations was about to expire. Plaintiff filed an action for damages for personal injuries on August 15, 1990. Plaintiff

---

[1] ORS 12.155 provides:

"(1) If the person who makes an advance payment [for death, personal injury, or property damage] gives to each person entitled to recover damages for the death, injury or destruction, not later than 30 days after the date the first of such advance payments was made, written notice of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. The notice required by this subsection shall be in such form as the Director of the Department of Insurance and Finance prescribes.

"(2) If the notice required by subsection (1) of this section is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations is not part of the period limited for commencement of the action by the statute of limitations."

ultimately served the complaint on defendant on November 9, 1990.

In an action of this nature, the statute of limitations expires two years after the injury. ORS 12.110(1). Plaintiff's complaint was filed within two years of the injury, but service upon defendant was not effected until 86 days later. An action is deemed to have been commenced on the day of filing, but only if the defendant is served within 60 days thereafter. ORS 12.020(2). Because of the delay in serving defendant, plaintiff's action was not deemed to have been *commenced* until November 9, 1990, the consequence of which, the action was not timely commenced unless the statute of limitations had been tolled. The trial court ruled that plaintiff's action was not timely and granted defendant's motion for summary judgment. The Court of Appeals reversed and remanded, reasoning that the action *was* timely, because the statute had been tolled by the failure of defendant's insurer to notify plaintiff as required by statute. *Baker v. Kennedy, supra.* That court relied on *Duncan v. Dubin*, 276 Or 631, 556 P2d 105 (1976), and *Pipkin v. Zimmer*, 113 Or App 737, 833 P2d 1350, *rev den* 314 Or 727 (1992). Defendant sought review, relying on this court's more recent decision in *Dotson v. Smith*, 307 Or 132, 764 P2d 540 (1988).

*Duncan v. Dubin, supra*, was the first case to interpret ORS 12.155(2). In *Duncan*, as here, the liability insurer made advance payments for property damage to a person involved in an automobile accident with its insured, and then continued to discuss with the injured person a possible settlement of her claims for personal injury. The insurer failed to notify the injured party of the date of expiration of the period of limitations, as required by ORS 12.155(2). The injured person timely filed an action for personal injuries but, as in the instant case, failed to accomplish timely service upon the defendant, with the result that the action was commenced after expiration of the personal injury statute of limitations. This court stated the issue as follows:

> "Plaintiff contends that ORS 12.155(2) operates to suspend the statute of limitations applicable to a personal injury action where, as here, advance payment for property damage is made without giving the statutory notice of the expiration date for a personal injury claim arising out of the same

accident. To the contrary, defendant argues that an advance payment for property damage without any notice of any statute of limitation suspends only the statute of limitation applicable to an action for property damage." 276 Or at 636.

Determining that ORS 12.155 was ambiguous concerning the extent of the insurer's duty, this court looked to legislative history. This court concluded that the legislature intended "to protect a person from being 'lulled' into falsely believing there is no limitation on when [the person] can commence an action" after the person has negotiated an advance payment from an insurer. *Id.* at 637. The court held that the making of the advance payment for property damage operated to suspend the statute of limitations on the injury claim. *Id.* at 638.

In *Dotson v. Smith, supra,* an injured person, having received an advance payment but no notice from an insurer, retained a lawyer who timely filed an action and properly served the defendant within the period of limitation. The action was later dismissed for failure to file a certificate of readiness. The plaintiff then filed a malpractice action against the lawyer, claiming that the lawyer's negligence in failing to file a certificate of readiness resulted in the dismissal of her injury claim, and re-filed her action for injuries against the original defendant. This court held that the plaintiff's injury claim against the original defendant was barred by the statute of limitations. The court reasoned that, insofar as ORS 12.155 was concerned, in that circumstance, it was apparent that "no one failed to act by being lulled into a false belief that the statute would not run" and that the statute was not intended to require the useless act of notifying a party of deadline information, knowledge of which the party already had demonstrated. 307 Or at 139.

Defendant argues that this case is like *Dotson,* because plaintiff was represented by counsel who demonstrated knowledge of the limitation period several weeks before expiration of the statute of limitations. Plaintiff argues that *Dotson* is distinguishable, because the action had been *commenced* in that case (*i.e.,* both filing and service had been completed) before the statute of limitations expired. We agree with plaintiff.

Statutes of limitation refer to *commencement* of legal actions. ORS 12.010 states that "[a]ctions shall only be

commenced within the periods prescribed in this chapter." The statute of limitation applicable to this case provides: "An action for * * * any injury to the person * * * shall be commenced within two years * * *." ORS 12.110(1). Tolling of the limitation period is relevant only until an action is commenced. In *Dotson*, commencement of the action had been completed before the issue of tolling under ORS 12.155 was considered. As the court noted, the absurd result otherwise would be that "a party who has been sued would be required to tell the plaintiff, 'You have just sued me within the statute of limitations — now I advise you that you must sue me within the statute of limitations.' " 307 Or at 139.

ORS 12.155(2) states that, "[i]f the notice * * * is not given, the time between the date the first advance payment was made and the date a notice is actually given * * * is not part of the period limited for commencement of the action." Here, the action was commenced on November 9, 1990. Under the statute, and consistent with both *Dotson* and *Duncan*, the statute of limitations in this case was tolled from the day plaintiff received the advance payment until the day the action was commenced.[2] Plaintiff's action was commenced well within the extension of time permitted by tolling.

The decision of the Court of Appeals is affirmed on different grounds. The summary judgment of the circuit court is reversed. The case is remanded to the circuit court for further proceedings.

---

[2] We express no opinion concerning the effect of the statute of ultimate repose, ORS 12.115, on the tolling period.