Argued and submitted July 7, reversed and remanded September 15, 2004

Aleisha BLANTON,
*Appellant,*

*v.*

Ardis A. BEISWENGER,
*Defendant,*
*and*

Melanie McGRATH,
*Respondent.*

02-4045-L-2; A121620

97 P3d 1247

George W. Kelly argued the cause and filed the brief for appellant.

Bradley E. Sands argued the cause for respondent. With him on the brief were Thomas A. Bittner and Schulte, Anderson, Downes, Aronson & Bittner.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Plaintiff appeals, assigning error to the entry of summary judgment against her in this action for personal injuries arising from an automobile accident. The trial court concluded that plaintiff's claim against defendant Melanie McGrath[1] was barred by the statute of limitations and that an advance payment made to plaintiff by McGrath's insurer did not, under ORS 12.155, relieve plaintiff from that bar. We reverse and remand.

The material facts are undisputed. On December 10, 2000, plaintiff was injured in an automobile accident. On November 22, 2002, plaintiff filed a negligence action against Ardis Beiswenger for personal injuries plaintiff suffered in the accident. In the complaint, plaintiff alleged that Beiswenger was the operator of the vehicle that struck her. On January 9, 2003, plaintiff had Beiswenger served with summons and the complaint. On January 29, 2003, plaintiff filed an amended complaint in the same action. The amended complaint dropped Beiswenger as a defendant and, instead, named McGrath as the sole defendant. In the amended complaint, plaintiff alleged that McGrath was the operator of the vehicle that struck her. Plaintiff also alleged that, on or about August 14, 2001, she received a payment from McGrath's insurer and that neither McGrath nor her insurer thereafter provided plaintiff with written notice of the date of expiration of the statute of limitations. Otherwise, the material allegations of the complaint and the amended complaint were identical. The amended complaint was served on McGrath on January 31, 2003.

In a personal injury action, the statute of limitations expires two years after the injury. ORS 12.110(1). Plaintiff's complaint was filed within two years of the injury, and Beiswenger was served within 60 days of the filing of the action. Because an action is deemed to have been commenced on the day of filing if the defendant is served within 60 days thereafter, ORS 12.020(2), the action was timely commenced

---

[1] As will become apparent, it is important for present purposes to distinguish between McGrath and the former defendant in this action, Ardis Beiswenger. Accordingly, we refer to both by name, rather than as defendants.

against Beiswenger. However, McGrath was served with the amended complaint more than 60 days after the original complaint was filed. For that reason, McGrath moved for summary judgment on the ground that the action against her was time barred.

Plaintiff has not contended that the amended complaint related back to the date of the original complaint under ORCP 23 C.[2] *See Johnson v. MacGregor*, 55 Or App 374, 376-77, 637 P2d 1362 (1981), *rev den*, 292 Or 589 (1982) (when the defendant is changed, relation back of amended complaint does not occur unless the requirements of ORCP 23 C are satisfied). Instead, plaintiff argued that the running of the limitation period had been suspended under ORS 12.155 because McGrath's insurer made an advance payment on her behalf and thereafter failed to notify plaintiff of the expiration of the statute of limitations. In one of her summary judgment submissions, McGrath admitted that her "insurer made a payment on behalf of [McGrath] and did not give written notice of the time in which to commence an action."[3] However, McGrath asserted that ORS 12.155 was inapplicable and that the action against her was not timely commenced. The trial court agreed with McGrath and granted her motion for summary judgment.

■ The issue on appeal involves the meaning and application of ORS 12.155, which provides:

"(1) If the person who makes an advance payment referred to in ORS 31.560 or 31.565 gives to each person

---

[2] ORCP 23 C provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by the amendment."

[3] We quote that concession to make clear that the parties have not litigated the issue whether McGrath's insurer actually made an advance payment to plaintiff. Accordingly, we do not address that issue here.

entitled to recover damages for the death, injury or destruction, not later than 30 days after the date the first of such advance payments was made, written notice of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. The notice required by this subsection shall be in such form as the Director of the Department of Consumer and Business Services prescribes.

"(2)   If the notice required by subsection (1) of this section is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations is not part of the period limited for commencement of the action by the statute of limitations."

Plaintiff contends that ORS 12.155 is "defendant-specific," that is, it suspends the running of the period of limitations against a person who made an advance payment and failed to give the required notice, even if the injured plaintiff previously had timely commenced an action for damages against another person for the same injury. Defendant responds that, if an injured plaintiff timely commenced an action for damages against *any* person, ORS 12.155 does not suspend the running of the limitations period on a claim against another person who made an advance payment for the same injury.

██  We interpret ORS 12.155 in accordance with the methodology prescribed by *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We examine the text of the statute in context, giving words of common usage their ordinary meanings. *Id.* When examining statutory context, "relevant are any prior judicial decisions construing the statutory language at issue." *Cooksey v. Portland Public School Dist. No. 1*, 143 Or App 527, 531, 923 P2d 1328, *rev den*, 324 Or 394 (1996) (citing *State v. Sullens*, 314 Or 436, 443, 839 P2d 708 (1992)).

As pertinent here, ORS 12.155(1) and (2) require a person making an advance payment to give the injured person written notice of the date of expiration of "the period of

limitation for the commencement of an action for damages set by the applicable statute of limitations," if the payor wishes, under ORS 12.155(1), to keep the making of "any such advance payment" from suspending the running of "such period of limitation." McGrath notes that, even though she now is the defendant in this action, it remains the same "action" that plaintiff commenced against Beiswenger. Therefore, McGrath reasons, plaintiff's recognition that she must timely commence an action against Beiswenger obviated the need for McGrath to give plaintiff notice that she had to timely commence an action for damages against McGrath.

From a standpoint of textual logic, McGrath's argument is unpersuasive. The relevant "commencement of an action" under ORS 12.155(1) and (2) occurred when summons and the amended complaint were served on McGrath, not when summons and the original complaint were served on Beiswenger. *See* ORS 12.020(1) (providing that, "for the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant"). Similarly, where, on his or her own behalf, a person makes an advance payment to an injured person, the pertinent "running" of "such" period of limitation under ORS 12.155(1) is that which applies to the person who made the payment, not someone else. Accordingly, it is immaterial to the determination whether and when the running of the limitation period was suspended under ORS 12.155 with respect to McGrath that plaintiff commenced the action against Beiswenger before the limitation period expired.

Our reading of ORS 12.155(1) is reinforced by ORS 31.555(1), which provides further context for its meaning. ORS 31.555(1) provides:

"If judgment is entered against a party on whose behalf an advance payment referred to in ORS 31.560 or 31.565 has been made and in favor of a party for whose benefit any such advance payment has been received, the amount of the judgment shall be reduced by the amount of any such payments in the manner provided in subsection (3) of this section. However, nothing in ORS 12.155, 31.560, 31.565 and

this section authorizes the person making such payments to recover such advance payment if no damages are awarded or to recover any amount by which the advance payment exceeds the award of damages."

That statute expressly connects the making of an advance payment to the judgment, if any, entered in an action against the person on whose behalf the payment was made, not someone else. It makes no sense to infer that, by enacting ORS 12.155, the legislature intended to make a broader connection between the commencement of an action against the person making an advance payment and the commencement of an action against anyone else that the injured person might have sued.

For her differing view of the statutory meaning, McGrath relies on the Supreme Court's decision in *Dotson v. Smith*, 307 Or 132, 764 P2d 540 (1988). To place our discussion of that case in proper context, we initially consider an earlier Supreme Court decision, *Duncan v. Dubin*, 276 Or 631, 556 P2d 105 (1976), in which the court first interpreted ORS 12.155(1). In *Duncan*, a liability insurer made advance payments for property damage to a person involved in an automobile accident with its insured. The insurer failed to notify the injured party of the date of expiration of the period of limitations. The injured person timely filed an action for personal injuries but failed to timely serve the defendant, with the result that the action was commenced after expiration of the statute of limitations. The Supreme Court stated the issue as follows:

"Plaintiff contends that ORS 12.155(2) operates to suspend the statute of limitations applicable to a personal injury action where, as here, advance payment for property damage is made without giving the statutory notice of the expiration date for a personal injury claim arising out of the same accident. To the contrary, defendant argues that an advance payment for property damage without any notice of any statute of limitation suspends only the statute of limitation applicable to an action for property damage."

*Id.* at 636.

After determining that ORS 12.155 was ambiguous with regard to the extent of the insurer's duty, the court

looked to legislative history. The court concluded that the legislature intended "to protect a person from being 'lulled' into falsely believing there is no limitation on when [the person] can commence an action" after the person has negotiated an advance payment from an insurer. *Id.* at 637. The court held that the making of the advance payment for property damage operated to suspend the running of the limitation period on the injury claim. *Id.* at 638.

In *Dotson*, an injured person, having received an advance payment but no notice from an insurer, retained a lawyer who timely filed an action and properly served the defendant within the period of limitation. 307 Or at 134. The action eventually was dismissed for failure to file a certificate of readiness. The plaintiff later refiled the action. The Supreme Court held that the plaintiff's injury claim was barred by the statute of limitations. The court reasoned that, insofar as ORS 12.155 was concerned, "no one failed to act by being lulled into a false belief that the statute would not run," and the statute was not intended to require the useless act of notifying a party of deadline information, knowledge of which the party already had demonstrated. *Id.* at 139.

McGrath argues that this case is like *Dotson* because plaintiff was represented by counsel, who, by timely commencing an action against Beiswenger, demonstrated knowledge of the limitation period before its expiration. Plaintiff argues that *Dotson* is materially distinguishable. We agree with plaintiff. In *Dotson*, both the original action and the second action involved the same defendant insofar as the court's statute of limitations analysis was concerned. Here, as discussed, the issue is different. Although plaintiff filed only one action, that action was separately commenced, for purposes of the expiration of the statute of limitations, against Beiswenger and McGrath. *Dotson* does not address that circumstance.

In a different but nonetheless instructive context, the Supreme Court distinguished *Dotson* in *Baker v. Kennedy*, 317 Or 372, 856 P2d 314 (1993). In *Baker*, the plaintiff was injured on August 26, 1988. She received an advance payment for property damage from the defendant's insurer. In a letter dated June 29, 1990, the plaintiff's lawyer

acknowledged that the statute of limitations was about to expire. The plaintiff filed a personal injury action for damages for personal injuries on August 15, 1990. The plaintiff ultimately served the complaint on the defendant on November 9, 1990. Because of the delay in serving the defendant, the action was not deemed to have been commenced until November 9, 1990. As a consequence, the action was not timely commenced unless the statute of limitations had been tolled under ORS 12.155. The Supreme Court held that the trial court improperly had granted summary judgment to the defendant. It reasoned:

> "Statutes of limitation refer to *commencement* of legal actions. ORS 12.010 states that '[a]ctions shall only be commenced within the periods prescribed in this chapter.' The statute of limitation applicable to this case provides: 'An action for * * * any injury to the person * * * shall be commenced within two years * * *.' ORS 12.110(1). Tolling of the limitation period is relevant only until an action is commenced. In *Dotson*, commencement of the action had been completed before the issue of tolling under ORS 12.155 was considered. As the court noted, the absurd result otherwise would be that 'a party who has been sued would be required to tell the plaintiff, "You have just sued me within the statute of limitations—now I advise you that you must sue me within the statute of limitations." ' 307 Or at 139.

> "ORS 12.155(2) states that, '[i]f the notice * * * is not given, the time between the date the first advance payment was made and the date a notice is actually given * * * is not part of the period limited for commencement of the action.' Here, the action was commenced on November 9, 1990. Under the statute, and consistent with both *Dotson* and *Duncan*, the statute of limitations in this case was tolled from the day plaintiff received the advance payment until the day the action was commenced. Plaintiff's action was commenced well within the extension of time permitted by tolling."

*Baker*, 317 Or at 376-77 (emphasis and ellipses in *Baker*; footnote omitted).

*Baker* demonstrates that, for purposes of determining when a tolling period has ended under ORS 12.155, it is necessary to ascertain when the action was commenced. In this case, as discussed, the proper focus of that inquiry is on

the commencement of the action against McGrath, not Beiswenger. Because that determination is defendant-specific, it is immaterial, for purposes of ORS 12.155, whether plaintiff previously had timely commenced an action against Beiswenger.

Our conclusion is consistent with the Supreme Court's statements in *Duncan* and *Dotson* that ORS 12.155 was enacted, in part, to prevent insurers who make advance payments from lulling injured persons into believing that they are not required to commence an action within the period of limitations. Even if plaintiff had no reason to believe that Beiswenger would suffer the untimely commencement of an action against her, the same cannot be said of McGrath, who conceded before the trial court that her insurer had made an advance payment to plaintiff and that she had not provided plaintiff with the notice required by ORS 12.155.

Because, as shown by the summary judgment record, McGrath's insurer made an advance payment to plaintiff on August 14, 2001, and failed to provide the notice specified by ORS 12.155, the running of the limitations period was suspended until plaintiff commenced the action against McGrath. Plaintiff timely commenced the action against McGrath by filing and serving the amended complaint.

Reversed and remanded.