ANAIS et al,
*Appellants,*

*v.*

DIAS,
*Respondent.*

(A8204-02196; CA A30359)

689 P2d 1011

Patrick N. Rothwell, Portland, argued the cause for appellants. With him on the briefs were Hallmark, Griffith & Keating, P.C., Portland.

Jay D. Enloe, Portland, argued the cause for respondent. With him on the brief were Lachenmeier & Enloe, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiffs appeal a summary judgment for defendant. The court held that the two-year statute of limitations had run. *See* ORS 12.110(1); ORS 12.020(2). We reverse. Plaintiffs suffered personal injuries and damage to their vehicle in an accident with defendant's vehicle on April 12, 1980. They filed this action for personal injuries on April 9, 1982. Defendant was served in Washington in August 1982, more than two years after the date of the accident.

ORS 12.155, however, provides:

"(1) If the person who makes an advance payment referred to in ORS 18.520 [personal injury] or 18.530 [property damage] gives to each person entitled to recover damages for the death, injury or destruction, not later than 30 days after the date the first of such advance payments was made, written notice of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. The notice required by this subsection shall be in such form as the Insurance Commissioner prescribes.

"(2) If the notice required by subsection (1) of this section is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations is not part of the period limited for commencement of the action by the statute of limitations."

ORS 18.500 defines "advance payment":

"As used in ORS 12.155 and 18.500 to 18.530, 'advance payment' means compensation for the injury or death of a person or the injury or destruction of property prior to the determination of legal liability therefor."

The undisputed facts were that plaintiffs incurred $151.80 to rent a substitute car while their damaged car was being repaired. They also incurred medical expenses of $1,649.79 and car repair expenses of $3,012.48. Within two years of the accident, defendant's insurer paid $151.80 directly to the car rental company and also made several reimbursement payments to plaintiffs' insurer for policy payments the latter had made to plaintiffs to cover their expenses for car

repair and medical care. Defendant's insurer did not give notice to plaintiffs or to anyone else at any time of the expiration date of the period of limitation.[1]

If the direct payment that defendant's insurer made to the car rental company, or if any of the reimbursement payments that defendant's insurer made to plaintiffs' insurer, was an "advance payment" as defined by ORS 18.500, it tolled the statute of limitations. An "advance payment" is "compensation for the injury or destruction of property made prior to the determination of legal liability therefor." ORS 18.500. "Compensation" means a payment which is reparation for a loss. *See* Webster's New International Dictionary (3rd ed 1983). Plaintiffs incurred the car rental expense because their car was damaged in the accident and they lost its use. The payment by defendant's insurer to the car rental company made up for that loss. Payment by defendant's insurer for the rental expense was also a payment "for the injury * * * of property."

Defendant's insurer also made the payment "prior to the determination of legal liability therefor." Here, of course, the payment was made prior to judgment. Implicit in the quoted language is also the requirement that payment have been for injury or destruction of property for which defendant could have been legally liable. Loss of use of the car would have been a compensable item of injury if plaintiffs had also sued defendant for property damage to their car. *Graf v. Don Rasmussen Co.,* 39 Or App 311, 316-17, 592 P2d 250, *rev den* 286 Or 521 (1979).[2] Moreover, although defendant's insurer is

---

[1] The record does contain the exact dates on which defendant's insurer made the reimbursement payments to plaintiffs' insurer. It does not show the date on which defendant's insurer made the direct payment to the car rental company. Defendant does not assert that the car rental payment was made after the date the period of limitations, unless tolled, would have expired. The only reasonable inference that the record permits is that defendant's insurer paid the rental expenses on or before November 1980, when defendant's insurer reimbursed plaintiffs' insurer for the expense of the car repairs. The exact date, providing that it was within the two-year period, is irrelevant, because no notice was ever given and the statute of limitations would have been tolled from the date of the payment. *See* ORS 12.155. Neither party asserts that there is a genuine issue of material fact.

[2] *Port of Portland v. Brady-Hamilton,* 62 Or App 92, 98, 659 P2d 995, *reconsideration allowed, former opinion modified on other grounds, judgment affirmed,* 63 Or App 146, 662 P2d 790 (1983), is not in point. It holds that the defendant lessee's counterclaim against the plaintiff for losses suffered as a result of the malfunction of a crane that the plaintiff owned and leased to the defendant was not "an action for * * *

itself not legally liable to plaintiffs for the loss of use, the statute does not require that only the person legally liable may make an "advance payment." The payment may be made on behalf of the person who could be legally liable therefor. The legislature enacted ORS 18.500 to 18.530 and ORS 12.155 both to encourage insurance companies to make advance payments by declaring that such payments were not an admission of liability and to protect claimants from believing that simply because of such payments, the limitation period no longer applied. *Duncan v. Dubin,* 276 Or 631, 636, 556 P2d 105 (1976).

Neither ORS 12.155, ORS 18.500 nor ORS 18.530 states to whom payment for property damage must be made in order to qualify as an "advance payment."[3] There is no statutory requirement that payment must be made directly to plaintiffs, providing it compensates plaintiffs for loss that they suffered as a result of the accident.

■ ORS 12.155 provides that the statutory period of limitation is tolled unless the person who makes the advance payment "gives to each person entitled to recover damages * * * written notice of the date of expiration of the period of limitation * * *." Defendant's insurer did not give notice to plaintiffs or to anyone else at any time. Furthermore, an advance payment for property damage that is made without the required notice tolls the statute of limitations for a personal injury action arising out of the same circumstances. *Duncan v. Dubin, supra.*

We conclude that the statute was tolled on the date that defendant's insurer paid the car rental company. It did not recommence to run. ORS 12.155(2).[4] The circuit court

---

[injury to] personal property" governed by the six-year limitation period of ORS 12.080(4). *Brady-Hamilton* has no bearing on whether an insurer's payment for the rental of personal property falls within the advance payment statutes.

[3] ORS 18.530 provides:

"Any advance payment made for damages arising from injury or destruction of property is not an admission of liability for the injury or destruction by the person making the payment unless the parties to the payment agree to the contrary in writing."

[4] It is not necessary that plaintiffs show that they were misled by or relied on the actions of the insurance company. Neither does it matter that plaintiffs had retained a lawyer and filed the action prior to the expiration of the limitations period. *See Duncan v. Dubin, supra,* 276 Or at 637.

erred in granting defendant's motion for summary judgment.[5]

Reversed and remanded.

---

[5] Because we decide that the car rental payment tolled the statute and because defendant gave no notice whatever, we need not decide whether the reimbursement payments that defendant's insurer made to plaintiffs' insurer were advance payments.