Argued and submitted November 26, 1984, affirmed February 6, 1985

# SHEPPARD,
## *Appellant,*

*v.*

# WEEKLY et al,
## *Respondents.*

## (A8212-07789; CA A32276)

695 P2d 53

Patrick N. Rothwell, Portland, argued the cause for appellant. With him on the brief was Hallmark, Griffith & Keating, P.C., Portland.

Herbert G. Grey, Portland, argued the cause for respondents. With him on the brief was Breathouwer & Gilman, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

On December 22, 1980, plaintiff was a passenger in an automobile owned and operated by her daughter, Karen Sheppard, when the automobile collided with one operated by defendant Edna Weekly. Plaintiff filed her complaint on December 20, 1982, to recover for personal injuries sustained in the accident, incorrectly alleging that Carlos Weekly, Edna's husband, was the operator of the vehicle. On January 19, 1983, she filed an amended complaint, which added Edna Weekly as defendant, alleging that she was the operator of the vehicle, and which alleged that Carlos owned the vehicle and maintained it for the pleasure and convenience of his family, thereby seeking to hold him liable for Edna's negligence under the family purpose doctrine. *Kraxberger v. Rogers,* 231 Or 440, 373 P2d 647 (1962). Both defendants were served personally in Arizona on January 27, 1983. The complaint against Edna was dismissed as time-barred.[1] Carlos was granted summary judgment on the ground that plaintiff did not demonstrate a genuine issue of fact to controvert Carlos' contention that the family purpose doctrine does not apply, because he and Edna were co-owners with an equal right to use and to control the vehicle. Plaintiff assigns those rulings as errors.

Defendants' insurer made an advance payment, ORS 18.500, to Karen Sheppard in January, 1981, to compensate her for the damage to her vehicle. In September, 1981, while negotiating with plaintiff, defendants' insurer notified her that the statute of limitations would bar an action for her personal injuries if it were commenced after December 22, 1982. Plaintiff contends that ORS 12.155(1) entitled her to receive notice of the expiration of the period of limitations within 30 days of the advance payment to her daughter and that the statute of limitations was tolled under ORS 12.155(2) because of the insurer's failure to provide a timely notice. ORS 12.155 provides:

"(1) If the person who makes an advance payment referred to in ORS 18.520 or 18.530 gives to *each person entitled to recover damages for the death, injury or destruction,* not later than 30 days after the date the first of such advance payments was made, written notice of the date of

---

[1] The applicable statute of limitations, ORS 12.110(1), requires that an action to recover for personal injury be commenced within two years of its accrual.

expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. The notice required by this subsection shall be in such form as the Insurance Commissioner prescribes.

"(2)   If the notice required by subsection (1) of this section is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations is not part of the period limited for commencement of the action by the statute of limitations." (Emphasis supplied.)

Plaintiff's first assignment presents a novel issue. She contends that, when an advance payment is made to anyone, the payor must advise all persons that it knows may have claims arising from the same occurrence of the date on which the statute of limitations will run on their potential claims. Defendants contend that the underscored statutory language requires that such notice be given only to the person to whom or for whose benefit an advance payment was made.

All of the cases interpreting ORS 12.155 involve plaintiffs for whose benefit an advance payment was made. *Duncan v. Dubin,* 276 Or 631, 556 P2d 105 (1976), held that the statute requires an insurer who makes an advance payment for property damage to notify the person for whose benefit the payment was made of the period of limitations applicable to her personal injury claim. *Anais v. Dias,* 70 Or App 478, 689 P2d 1011 (1984), also considered a situation in which the party filing a personal injury action was the same party for whose benefit an advance payment for property damage had been made.[2]

---

[2] *Anais v. Dias, supra,* contained a statement which we view as broader than the holdings in that case and in *Duncan v. Dubin, supra:*

"* * * Furthermore, an advance payment for property damage that is made without the required notice tolls the statute of limitations for *a personal injury action arising out of the same circumstances. Duncan v. Dubin, supra.*" 70 Or App at 482. (Emphasis supplied.)

That dictum should be understood to mean that an advance payment for property damage made without notice tolls the statute of limitations only for a personal injury action by the same person for whose benefit the property damage payment was made.

The statute is ambiguous and reasonably susceptible to either interpretation urged by the parties. In this situation, it is the court's responsibility to discern and to give effect to the legislature's intent. *Johnson v. Star Machinery Co.*, 270 Or 694, 530 P2d 53 (1974); *see also* ORS 174.020. The Supreme Court performed this task in *Duncan v. Dubin, supra,* and discovered a two-fold purpose of the statute.

> "* * * One was to allow an insurer to make advance payments without admitting liability for a claim and to encourage such payments by eliminating any apprehension on the part of the insurer that evidence of advance payments could be admissible in court to prove liability. The other objective, which is clearly discernible, was to protect an injured party from being misled into believing that a limitation period upon his claim is no longer applicable because the insurer has, in effect, acknowledged that its insured is liable for the claim. * * *" 276 Or at 636.

The court gave effect to that legislative intent in *Duncan,* holding:

> "* * * We are of the opinion that the legislative objective of *protecting injured parties who receive advance payments from being misled into not timely pressing a claim* until the statute of limitations period has expired equally applies to an injured party receiving an advance payment for property damage while a claim for personal injury is pending against the same party as a result of the same accident. * * *" 276 Or at 637-38. (Emphasis supplied.)

The court explicitly indicated that its holding was limited to

> "* * * the narrow confines of this case, where the defendant's insurer made an advance payment on plaintiff's property damage claim and engaged in settlement negotiations with the plaintiff, on her personal injury claim, for an extended period of time * * *." 276 Or at 638.

In so holding, the court stressed that the second purpose of the statute is to prevent an injured party who receives an advance payment from being misled into thinking that the insured has admitted liability and not asserting a claim in a timely fashion. The court quoted from testimony before the Senate Judiciary Committee to the effect that the statute requires "notification to the payee" of an advance payment. 276 Or at 637.

We conclude that the legislative purpose of protecting injured persons from being lulled into a false sense of security by an advance payment contemplates notice of the limitations period only to the person for whose direct benefit the advance payment was made.[3] That is the party who might most likely be misled by the advance payment and to whom an insurer may reasonably be required to provide notice.

In this case, plaintiff was not entitled to receive notice of the limitations period applicable to her personal injury claim because of the advance payment to her daughter for her property damage claim; therefore, the running of the limitations period was not tolled by ORS 12.155(2). Plaintiff's claim against defendant Edna Weekly was time-barred, and the court properly granted defendant's motion to dismiss.

■ In her second assignment, plaintiff contends that the court erred in granting defendant Carlos Weekly's motion for summary judgment. Plaintiff sought to hold Carlos liable under the family purpose doctrine, which

> "* * * is based upon the theory that when an automobile is maintained by the owner for the pleasure or convenience of his family, a member of the family who uses it for his own pleasure or convenience with the knowledge and consent of the owner is the agent of the owner and the latter is responsible for his negligence. * * *" *Kraxberger v. Rogers, supra,* 231 Or at 450.

In her complaint, plaintiff alleged that Carlos owned and maintained the vehicle for the pleasure and convenience of his family and that Edna operated the vehicle with Carlos' knowledge and consent. In his answer, Carlos admitted that he was the co-owner of the vehicle but denied the rest of the allegations. Carlos supported his motion for summary judgment with an affidavit in which he stated that he and his wife "were both registered owners of" the vehicle and "were each entitled to and availed ourselves of the use and enjoyment of the vehicle without obtaining the consent or permission of the other." Plaintiff did not file an affidavit in opposition to Carlos' motion.

---

[3] We note that the statutory language may be construed also to require notice to other persons who may have a claim for the same injury for which an advance payment was made, *e.g.,* a co-owner of damaged property. That issue is not before us, and we do not express an opinion on it.

ORCP 47D provides, in pertinent part:

"* * * When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of that party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against such party."

The rule directs that "[a]bsent counter-affidavits or conflicting evidence, facts set forth in a supporting affidavit will be taken as true." *Comley v. State Bd. of Higher Ed.,* 35 Or App 465, 469-70, 582 P2d 443 (1978). Because plaintiff did not respond to Carlos' motion and affidavit, the only inquiry we need to make to determine if summary judgment was appropriate is whether Carlos' affidavit is sufficient to "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." ORCP 47C; *see, e.g., W. L. Bostick Family Trust v. Magliocco,* 64 Or App 305, 308, 667 P2d 1044 (1983).

Carlos' statement that he and Edna were co-owners of the vehicle is sufficient, if taken as true, to defeat application of the family purpose doctrine. In the absence of contradictory evidence, it is presumed that co-owners enjoy equal rights to use and control the property, independently of the other owner's knowledge or consent. *Bolton v. Schimming et al,* 226 Or 330, 333, 360 P2d 540 (1961). In order to overcome the presumption and to defeat Carlos' motion, it was incumbent on plaintiff to come forward with evidence that Carlos provided and maintained the vehicle for his family's use and had the exclusive right to control its use. *Bolton v. Schimming et al, supra; Wiebe v. Seely, Administrator,* 215 Or 331, 342, 335 P2d 379 (1959). Plaintiff did not do that and could not rest on the allegations of her complaint to establish that a genuine issue of material fact exists. The court properly granted Carlos' motion for summary judgment.

Affirmed.