Argued and submitted August 3, 2009, reversed and remanded April 28, petition for review allowed October 7, 2010 (349 Or 171)

Carol SNYDER,
*Plaintiff-Appellant,*

*v.*

Kathleen ESPINO-BROWN,
*Defendant-Respondent.*

Multnomah County Circuit Court
070404750; A139175

230 P3d 122

Gregory E. Price argued the cause for appellant. With him on the briefs was Baumgartner, Nelson & Price, PLLC.

Matthew J. Kalmanson argued the cause for respondent. With him on the brief were Janet M. Schroer and Hoffman, Hart & Wagner, LLP.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.*

WOLLHEIM, P. J.

---

* Brewer, C. J., *vice* Edmonds, P. J.

## WOLLHEIM, P. J.

Plaintiff appeals after the trial court granted summary judgment dismissing her action for personal injuries arising from an automobile accident. The trial court concluded that plaintiff's claim against defendant was barred by the statute of limitations. ORS 12.110(1). In addition, the court determined that an advance payment made to plaintiff's husband for damages to an automobile that was owned jointly by plaintiff and her husband did not toll the statute of limitations under ORS 12.155. We reverse and remand.

The parties stipulated to the material facts. Plaintiff alleges that she was injured on January 26, 2004, in an accident with an automobile driven by defendant. Plaintiff and her husband jointly owned the automobile involved in the accident. Nearly three months later, on March 24, 2004, defendant's insurer sent plaintiff's husband an advance payment for repairs to the couple's automobile but did not provide notice of the date that any claims related to the automobile accident would expire under the statute of limitations. However, on February 16, 2006, defendant's insurer sent a letter to plaintiff's husband stating that, due to its failure to provide the husband with notice of the limitations period on his claims, he had until January 3, 2008, to commence an action before the statute of limitations expired. Defendant's insurer did not include plaintiff on either the advance payment or on the subsequent letter giving notice of the extended limitations period.

On April 26, 2007, after the two-year limitations period for personal injury claims had run but before the expiration of the extended period of time to file a civil action referenced in the letter to husband, plaintiff filed a negligence action against defendant, seeking damages for personal injuries and emotional distress. Defendant moved for summary judgment, arguing that plaintiff's action was time barred under ORS 12.110(1) because it was filed more than two years after the date of her injury. Plaintiff responded that ORS 12.155 tolled the statute of limitations because defendant's insurer made an advance payment without providing notice of the limitations period relevant to plaintiff's claim. The trial court concluded that ORS 12.155 did not toll the

statute of limitations because the advance payment was made to plaintiff's husband, not to plaintiff herself. Accordingly, the trial court granted defendant's motion for summary judgment.

On appeal, the parties renew their arguments. Plaintiff contends that ORS 12.155 tolls the statute of limitations for her personal injuries, because she is a "person entitled to recover damages" relating to the automobile that she jointly owned as well as for personal injuries that plaintiff sustained in the accident with defendant, and defendant's insurer made an advance payment without providing the required notice. Defendant contends that the advance payment was made to plaintiff's husband, and, therefore, defendant's failure to provide notice tolled only claims brought by plaintiff's husband.

■ The issue on appeal involves the meaning and application of ORS 12.155, which we interpret in accordance with the methodology prescribed by *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Pursuant to that methodology, we examine the text of the statute in context, and consider any legislative history offered by the parties, if helpful. Prior Supreme Court construction of a statute is authoritative and controls our construction of the statute. *Takata v. State Farm Mutual Auto. Ins. Co.*, 217 Or App 454, 458, 176 P3d 415 (2008) (citing *Mastriano v. Board of Parole*, 342 Or 684, 693, 159 P3d 1151 (2007)).

ORS 12.155 provides:

"(1) If the person who makes an advance payment referred to in ORS 31.560 or 31.565[1] gives to each person entitled to recover damages for the death, injury or destruction, not later than 30 days after the date the first of such advance payments was made, written notice of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. The notice required by this subsection shall be in such form

---

[1] ORS 31.560 and ORS 31.565 provide generally that an advance payment is not an admission of liability for personal injury or destruction of property claims.

as the Director of the Department of Consumer and Business Services prescribes.

"(2) If the notice required by subsection (1) of this section is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations is not part of the period limited for commencement of the action by the statute of limitations."

The Supreme Court first construed ORS 12.155 in *Duncan v. Dubin*, 276 Or 631, 556 P2d 105 (1976). In that case, the plaintiff commenced an action for personal injuries resulting from an automobile accident after her claim had expired under the statute of limitations. However, the defendant's insurer had made an advanced payment for repairs to the plaintiff's vehicle without providing written notice of the date that the plaintiff's claim would expire. The court concluded that ORS 12.155 was ambiguous as to whether the advance payment tolled the limitation period for property damage claims in addition to the plaintiff's claims for personal injury. The court considered the statutory context as well as legislative history to resolve the ambiguity that it found in the text of ORS 12.155. The court concluded that the purpose of ORS 12.155 was two-fold:

"One was to allow an insurer to make advance payments without admitting liability for a claim and to encourage such payments by eliminating any apprehension on the part of the insurer that evidence of advance payments could be admissible in court to prove liability. The other objective, which is clearly discernable, was to protect an injured party from being misled into believing that a limitation period upon [the person's] claim is no longer applicable because the insurer has, in effect, acknowledged that its insured is liable for the claim."

*Duncan*, 276 Or at 636. In light of those two policies, the court held that the advance payment tolled the statute of limitations for the plaintiff's claims for both property damage and personal injury, which resulted from the same automobile accident. It explained that "[a] contrary holding would be at odds with the legislative intent that advance payment not

mislead an injured party into believing that [the party] need not diligently press [the party's] claim." *Id.* at 638.

In *Sheppard v. Weekly*, 72 Or App 86, 695 P2d 53 (1985), we interpreted ORS 12.155 consistently with the two policies identified in *Duncan*. There, the plaintiff was a passenger in an automobile involved in an accident. The defendant's insurer made an advance payment to the plaintiff's daughter, who owned the automobile in which the plaintiff was riding during the accident. However, the insurer failed to provide notice of the date that the daughter's claim expired, thereby tolling the limitations period for the daughter's claim under ORS 12.155. The plaintiff argued that the limitations period for her personal injury claim was also tolled. We held that the statute of limitations was not tolled for the plaintiff's claim:

> "We conclude that the legislative purpose of protecting injured persons from being lulled into a false sense of security by an advance payment contemplates notice of the limitations period only to the person for whose *direct benefit* the advance payment was made. That is the party who might most likely be misled by the advance payment and to whom an insurer may reasonably be required to provide notice."

*Id.* at 91 (footnote omitted; emphasis added).

With those prior constructions of ORS 12.155 in mind, we turn to the present case, where the issue is whether the advance payment made to the other joint owner of the automobile was for plaintiff's direct benefit. We conclude that it was. Plaintiff, as a joint owner, was equally as entitled to recover damages for the destruction of the couple's automobile as her husband. As a joint owner, plaintiff was directly benefitted by the payment that defendant's insurer made to plaintiff's husband. The failure of defendant's insurer to provide notice of the limitations period for plaintiff's personal injury claim tolled the limitations period on that claim.

The trial court therefore erred in granting defendant's motion for summary judgment.

Reversed and remanded.