Argued and submitted January 14, decision of Court of Appeals affirmed; judgment of circuit court reversed, and case remanded to circuit court for further proceedings April 7, 2011

### Carol SNYDER,
*Respondent on Review,*

*v.*

### Kathleen ESPINO-BROWN,
*Petitioner on Review.*

(CC 0704-04750; CA A139175; SC S058520)

252 P3d 318

Matthew J. Kalmanson, Hoffman, Hart & Wagner, LLP, Portland, argued the cause and filed brief for petitioner on review. With him on the brief was Janet M. Schroer.

Gregory E. Price, Baumgartner, Nelson & Price, PLLC, Vancouver, Washington, argued the cause and filed the brief for respondent on review.

WALTERS, J.

**WALTERS, J.**

To prevent the tolling of the statute of limitations under ORS 12.155(2), a person who makes a payment to compensate for injury to or destruction of property, before legal liability for that damage has been determined, may give written notice of the date of the expiration of the statute of limitations to "each person entitled to recover damages for the * * * injury or destruction" within 30 days of the date of the payment. ORS 12.155(1).[1] The question presented by the stipulated facts in this case is whether the class of persons to whom any such notice must be given includes plaintiff, a co-owner of a car who did not file a property damage claim with defendant's insurer before that company made a payment to compensate for damage to the car. We conclude that it does; the class of persons described in ORS 12.155(1) includes each person who has a legal right to bring an action to recover damages for the injury to or destruction of the property for which an advance payment was made and, in this case, that class of persons included plaintiff. Because defendant's insurer did not give plaintiff timely notice of when the statute of limitations would expire, plaintiff's action was not time-barred, contrary to the decision of the trial court. We therefore affirm the decision of the Court of Appeals, which reversed the judgment of the trial court and remanded the case to the trial court for further proceedings.

Plaintiff and her husband were injured in a collision with defendant on January 26, 2004. The Chevrolet Malibu that plaintiff and her husband co-owned also was damaged in that collision. On March 24, not quite two months after the collision and before liability for damages incurred in the collision had been determined, defendant's insurance company issued a check payable to plaintiff's husband in the amount of $410.34 to compensate for damage to the car.[2] The insurance company did not give written notice of the expiration of the

---

[1] The full text of ORS 12.155 is set forth below, 350 Or at 145.

[2] The record does not expressly indicate that plaintiff's husband filed a claim with the insurance company seeking compensation for damage to the car or include such a document. The record does contain an "appraisal report" that identifies plaintiff's husband as the owner of the car.

statute of limitations to plaintiff or her husband within 30 days after the date of that payment.

Both plaintiff and her husband filed claims with the insurance company seeking compensation for their personal injuries.[3] The insurance company corresponded with plaintiff and her husband about those claims, but did not resolve them.[4] The two-year statute of limitations that applies to personal injury actions expired on January 26, 2006, and, as of that date, neither plaintiff nor her husband had filed such an action against defendant. Within a month thereafter, on February 17, the insurance company sent plaintiff's husband a letter informing him that, ordinarily, his action for personal injuries would be time-barred because he had not filed it on or before January 26, but that the company's payment of $410.34 had "extended the statute of limitations in [his] case pursuant to ORS 12.155." As a result, the insurance company explained, plaintiff's husband had until January 3, 2008, to file an action for personal injuries. The insurance company did not send a similar letter to plaintiff or give her any other written notice of when the statute of limitations would expire.

Plaintiff's husband did not file a personal injury action against defendant within the time permitted by the insurance company's letter, but plaintiff did. Plaintiff filed her complaint on April 26, 2007. Because that date was more than two years after the date of the collision, defendant moved for summary judgment on the ground that plaintiff's action was time-barred. Plaintiff opposed the motion, arguing that the statute of limitations was extended for her, as it had been for her husband, by virtue of the insurance company's advance payment and its failure to give her written notice of the expiration of the statute of limitations pursuant to ORS 12.155. The trial court granted defendant's motion, and plaintiff appealed to the Court of Appeals, which reversed the trial court.

---

[3] The record does not contain the documents that plaintiff and her husband filed.

[4] That correspondence included five letters to plaintiff requesting information about her injuries.

The Court of Appeals reasoned that, as a joint owner of the car, plaintiff was entitled to recover damages for its injury or destruction and was directly benefitted by the insurance company's advance payment to her husband. *Snyder v. Espino-Brown*, 235 Or App 82, 87, 230 P3d 122 (2010). As a result, the Court of Appeals concluded, the insurance company's failure to give plaintiff written notice of the expiration of the statute of limitations tolled the statute of limitations for her personal injury action. *Id.* We allowed defendant's petition for review.

We begin our analysis with the text of ORS 12.155, which provides:

"(1)  If the person who makes an advance payment referred to in ORS 31.560 or 31.565 gives to each person entitled to recover damages for the death, injury or destruction, not later than 30 days after the date the first of such advance payments was made, written notice of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. * * *

"(2)  If the notice required by subsection (1) of this section is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations is not part of the period limited for commencement of the action by the statute of limitations."

ORS 12.155 does not require that a person who makes an "advance payment" give written notice of the expiration of the statute of limitations; rather, it imposes a consequence for failure to give that notice. Subsection (1) of that statute provides that, if a person makes an advance payment and gives written notice of the expiration of the applicable statute of limitations not later than 30 days after the date of the first advance payment, the advance payment does not suspend the statute of limitations as provided in subsection (2). Subsection (2) describes what happens when the written

notice described in subsection (1) is not given—the time between the date of the first advance payment and the date that the written notice is actually given is not counted in calculating the period for commencement of the action.

A person who makes an "advance payment" under subsection (1) of ORS 12.155 and who wishes to prevent the tolling of the statute of limitations under ORS 12.155(2) must give the described notice to "each person entitled to recover damages for the * * * injury or destruction." Defendant contends that the quoted phrase is ambiguous and that the legislature intended it to mean "each person who made a claim 'for the * * * injury or destruction' that led to an advance payment."[5] For the reasons that follow, we agree with defendant that that phrase is capable of more than one meaning. However, we disagree that the legislature intended the interpretation for which defendant argues.

Defendant rests her first argument that ORS 12.155(1) is ambiguous on the meaning of the terms "advance payment" and "entitled." To qualify as an "advance payment," as that term is defined in ORS 31.550, the payment must occur *before* any person has been determined to have a

---

[5] Defendant expressly declines to argue that ORS 12.155 requires notice to the person or persons to whom an advance payment for property damage is made payable. That is because, as defendant acknowledged at oral argument in this case, those who make advance payments for property damage often make advance payments payable to the entity that repairs the damaged property rather than to the owner or owners of the property. Defendant acknowledges that the legislature did not intend that those who make advance payments give the described notice to such payees.

Defendant also does not argue that the insurance company's written notice to plaintiff's husband constituted notice to plaintiff by virtue of the relationship between them, either as co-owners of the car or as husband and wife. In this case, that argument would not advance defendant's position, because the insurance company's written notice to plaintiff's husband came too late to prevent the tolling of the statute of limitations. The insurance company did not give plaintiff's husband written notice of the expiration of the statute of limitations within 30 days of the date of its advance payment, and his statute of limitations was extended as described in the letter that the insurance company eventually sent to him. Plaintiff filed her action within the time permitted by that letter. Therefore, even if the insurance company's letter to plaintiff's husband constituted written notice to plaintiff, plaintiff's action was timely. Defendant does not ask us to decide, and we need not decide, whether, by virtue of the relationship between persons, written notice to one person may constitute written notice to another sufficient to satisfy the terms of ORS 12.155.

legal right to damages.[6] However, defendant notes, ORS 12.155(1) provides for notice to each person *"entitled"* to recover damages. Defendant, citing one dictionary definition, asserts that the word "entitled" means "give[n] a right or legal title to: qualif[ied] (one) for something: furnish[ed] with proper grounds for seeking or claiming something." *Webster's Third New Int'l Dictionary* 758 (unabridged ed 2002). Defendant therefore argues that, to be "entitled" to recover damages, a person must have a "legal right to damages at the time of the advance payment." Defendant contends that because no one has a legal right to damages at the time that an advance payment is made, ORS 12.155(1) appears to create a null set requiring notice to no one to prevent the tolling of the statute of limitations.

But, as defendant acknowledges, the dictionary definition of the word "entitled" also encompasses a concept that is more consistent with the legislature's obvious intent. The word "entitled" may also mean "furnish[ed] with proper grounds for * * * claiming something." *Webster's* at 758. In other contexts, the legislature has used the word "entitled" to mean that a person has legal grounds to bring an action to recover damages rather than to mean an existing legal right to judgment for damages. *See, e.g.,* ORS 133.739(1) (person whose communication is intercepted has claim for relief and is "entitled" to recover damages); ORS 646.140(1) (plaintiff in price discrimination action "entitled" to recover treble damages). If we interpret the word "entitled" as used in ORS 12.155(1) to have that meaning, then we avoid a nonsensical result. At the time of an advance payment, no person will have an established legal right to judgment for damages for injury or destruction, but one or more persons may have legal grounds to bring an action to recover such damages. We think that the legislature intended to describe the latter class of persons when it used the word "entitled" in the phrase "entitled to recover damages" in ORS 12.155(1).

---

[6] ORS 31.550 provides as follows:

"As used in ORS 12.155 and 31.550 and 31.565, 'advance payment' means compensation for the injury or death of a person or the injury or destruction of property prior to the determination of legal liability therefor."

Defendant next asserts that ORS 12.155(1) is ambiguous because it provides for notice to those who are entitled to recover damages for "injury or destruction," but does not specify the "injury or destruction" to which it refers. With that argument, defendant hits the mark. The words "injury or destruction" have no clear referent. They could be understood to refer to the injury or destruction that was the subject of an advance payment, but they also could be understood to refer to the injury or destruction that was the subject of a particular person's claim for an advance payment.

We must look further than the words "injury or destruction" to ascertain the legislature's intent. As noted, ORS 31.550 defines the term "advance payment" to mean "compensation for the * * * injury or destruction of property." Given that definition of "advance payment," ORS 12.155(1) provides, in effect, that, to prevent the tolling of the statute of limitations, a person who pays "compensation *for the * * * injury or destruction of property*" must give the described notice to each person who has legal grounds to bring an action to recover damages "*for the * * * injury or destruction.*" The legislature's use of the same words to define the purpose of an advance payment and to describe the persons to whom notice must be given indicates an intent to link those concepts. A person who pays compensation for the injury or destruction of property must give the described notice to each person who has the right to bring an action to recover damages for "*the*" injury or destruction. The word "the" can be understood to refer to the injury or destruction of the property that was the subject of the advance payment.

In contrast, ORS 12.155(1) does not indicate a legislative intent to link the class of persons to whom notice must be given with the filing of a claim for payment. The legislature did not define the term "advance payment" to mean compensation that is paid as a result of a claim for payment, nor did it define the class of persons to whom notice must be given in terms of those who filed claims for payment. Instead, the legislature defined that class in terms of those who have a certain legal right—the legal right to bring an action to recover damages. That legal right does not depend on the prior filing of a claim for payment.

Nevertheless, defendant asserts, ORS 12.155 includes other indicators of legislative intent that favor her interpretation. For instance, defendant argues, by selecting a 30-day period for giving notice, the legislature indicated an intent to limit the class of persons to whom notice must be given to those who have filed claims for compensation. A person who makes an advance payment will know the identity of those persons and can give the described notice within that tight time frame. If, defendant asserts, the payor were required to give notice to each person with legal grounds to bring an action to recover damages, including, for example, all of the owners of damaged property, the payor would be required to conduct a time-consuming investigation that the legislature, in imposing a 30-day window, could not have intended.

What defendant neglects to recognize, however, is that neither ORS 12.155(1), nor any other statute, requires that an advance payment be made, much less that it be made within a specified period of time. A person who wishes to make an advance payment may wait to do so until after he or she has ascertained the identities of the persons to whom notice must be given, and, knowing those identities, will have little difficulty giving the described notice within 30 days after payment.

Defendant also argues that, by using the word "such" in the phrases "such advance payment" and "such period of limitations," the legislature expressed an intent to link the described notice to the claim that led to the payment. We do not understand how the use of the word "such" in those phrases compels that conclusion. The use of the word "such" in conjunction with the terms "advance payment" and "period of limitations" is also consistent with a legislative intent to link the described notice to the injury or destruction for which the advance payment was made.

Finally, defendant contends that ORS 31.565 provides that an advance payment for property damage is not an admission of liability unless the "parties to the payment" agree to the contrary in writing.[7] The "parties to the

_____

[7] ORS 31.565 provides as follows:

"Any advance payment made for damages arising from injury or destruction of property is not an admission of liability for the injury or destruction by

payment," defendant asserts, are the persons who made the payment and the persons whose claim led to the payment. In defendant's view, ORS 12.155 should be interpreted to require notice by and to those same "parties."

We do not agree that the meaning of the phrase "parties to the payment," as used in ORS 31.565, is material to our interpretation of ORS 12.155. Even if defendant were correct that, as used in ORS 31.565, that phrase means the payor and the person whose claim led to the payment—a question we do not decide—that conclusion would not affect our interpretation of ORS 12.155. In ORS 31.565, the legislature used the term "parties to the payment" to delineate those persons whose agreement is necessary to render the fact of an advance payment admissible on the issue of liability. The legislature addressed a different issue in ORS 12.155 (the tolling of the statute of limitations) and required notice to "each person entitled to recover damages for the * * * injury or destruction," and not to the "parties to the payment." We presume that the legislature intended distinct meanings with the different terminology that it used in those two statutes. *See Scott v. State Farm Mutual Auto. Ins.*, 345 Or 146, 155, 190 P3d 372 (2008) (legislature used two different terms indicating it intended two different meanings); *State v. Guzek*, 322 Or 245, 265, 906 P2d 272 (1995) ("When the legislature uses different terms in related statutes, we presume that the legislature intended different meanings.").

More helpful as context for the phrase used in ORS 12.155(1) is ORS 31.555(1). ORS 31.555(1) requires that a judgment rendered in favor of a "party" for whose benefit an advance payment has been received must be reduced by the amount of the advance payment.[8] To be a "party" to and obtain a judgment in an action for injury to or destruction of property, a person must have the legal right to bring the

---

the person making the payment unless the parties to the payment agree to the contrary in writing."

[8] ORS 31.555(1) provides, in relevant part:

"If judgment is entered against a party on whose behalf an advance payment referred to in ORS 31.560 or 31.565 has been made and in favor of a party for whose benefit any such advance payment has been received, the amount of the judgment shall be reduced by the amount of any such payments in the manner provided in subsection (3) of this section."

action and to recover damages for that injury or destruction. If ORS 12.155 is interpreted to require that, to avoid tolling, a person who makes an advance payment must give notice of the expiration of the statute of limitations to each person with the legal right to bring an action to obtain a judgment, then all who could obtain judgments that would be reduced by an advance payment would receive that notice. If ORS 12.155 were instead interpreted as defendant proposes, only some of those who could obtain such judgments would receive that notice—*i.e.*, those who filed claims for payment with the payor before the payor made an advance payment.

In *Duncan v. Dubin*, 276 Or 631, 636-37, 556 P2d 105 (1976), this court determined that the legislature's objective in enacting ORS 12.155 was to protect injured persons from being "lulled" into thinking that the person who made an advance payment had acknowledged responsibility for all damages incurred and that, as a result, limitation periods no longer applied.[9] The legislative history that the court reviewed in *Duncan* does not reveal a legislative intent to protect only those injured persons who file claims for

---

[9] In *Duncan*, the plaintiff incurred both personal injuries and property damage as a result of a collision with the defendant. The defendant's insurer paid $306.75 to a repair shop to compensate the plaintiff for damage to the car but did not give the plaintiff written notice of the expiration of any statute of limitations. The plaintiff commenced an action seeking damages for her personal injuries, but arguably did not do so until seven days after the two-year personal injury statute of limitations had expired. 276 Or at 634. In response to the defendant's contention that her action was time-barred, the plaintiff argued that the personal injury limitations period was tolled by the insurer's failure to give written notice under ORS 12.155. The defendant countered that because the insurer's advance payment was for property damage, the insurer's failure to give written notice of the expiration of the statute of limitations tolled only the property damage, and not the personal injury, limitations period. 276 Or at 636.

This court decided that the text of ORS 12.155 was ambiguous and turned to its legislative history for assistance. The court determined that the legislature had enacted ORS 12.155 to protect injured persons from being "lulled" into thinking that the payor had acknowledged responsibility for all damages incurred and that, as a result, limitation periods were no longer applicable. 276 Or at 636-37. In the court's view, had the legislature anticipated the question of whether a payor's failure to give written notice tolled all applicable statutes of limitations, it would have decided that question affirmatively. As a result, the court interpreted ORS 12.155 to toll the plaintiff's personal injury statute of limitations. The court reasoned that

"[a] contrary holding would be at odds with the legislative intent that advance payment not mislead an injured party into believing that he need not diligently press his claim."

276 Or at 638.

payment before an advance payment is made. Given that the legislature neither required the filing of such claims nor referenced them, we do not believe that the legislature intended to narrow the class of persons to whom notice must be given to injured persons who file such claims and whose claims result in an advance payment. Considering the statute's text, context, and objective, we conclude that the legislature intended that, to prevent the tolling of the statute of limitations, a person who makes an advance payment must give the notice described in ORS 12.155 to each person who has a legal right to bring an action to recover damages for the injury to or destruction of the property for which the advance payment was made.

Applying that interpretation of ORS 12.155 to the facts of this case, we conclude that, to prevent the tolling of the statute of limitations by its advance payment, the insurance company was required to give the described notice to plaintiff. The insurance company made an advance payment to compensate for injury to or destruction of the Chevrolet Malibu. Plaintiff was a co-owner of that car, and, as such, had a legal right to bring an action to recover damages for its injury or destruction. *See Carte v. Flury Buick-Jeep, Inc.*, 264 Or 479, 488, 506 P2d 701 (1973) (owner of car has action for damages to car); *Parker v. McCartney*, 216 Or 283, 286, 338 P2d 371 (1959) (co-owners of car equal in status and ownership). Thus, to prevent the tolling of the statute of limitations, the insurance company was required to give plaintiff the written notice described in ORS 12.155.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.